LAND, J.
Plaintiffs, colored persons, sued for $10,000 damages for the death of their daughter, about 26 months old, who, while lying, in the daytime, on the track of the defendant, near a flag station known as Berry, was run over and killed by a freight train. The jury rendered a verdict for $500 in favor of the plaintiffs. Defendant has appealed.
The crucial question in the case is whether the engineer on the freight train was guilty of negligence in not seeing the child in time to have averted the accident. In the Courtney Case, 133 La. 360, 63 South. 48, after reviewing a number of cases where trespassers on railroad tracks had been run over and killed, we said:
“The doctrine of the last clear chance necessarily implies that the defendant, under the circumstances of the case, saw the danger’, or was grossly negligent in not seeing it, in time to avoid the accident. The evidence in this case fails to establish either hypothesis with any degree of certainty.”
In this case, the engineer on the train was the only witness who saw the child lying on the track between 2 and 3 o’clock in the afternoon. Plaintiffs were temporarily absent from their dwelling, situated near the railroad track, and had left the little girl with their other children, the eldest of whom was only seven years of age. No evidence was adduced to show how the child became separated from her companions, wandered upon the track, and there laid herself down to sleep.
The engineer testified, in substance, that he was going north on his freight train at a speed of about 20 or 25 miles an hour, and, when about halfway across a trestle, about a quarter of a mile from the place of the accident, he noticed an obstruction on the track near the south end of the next cut, which looked like a lump of coal inside the rail, but, when he got within about ten ear lengths, or 400 feet from the object, he discovered that it was a child lying on its stomach lengthways with the cross-ties, “kinder” down between the cross-ties, with its hands folded, and lying on one side apparently asleep. The engineer further testified that, as soon as he recognized it was a child, he shut off steam, applied the emergency brakes, reversed the engine, and stopped the train within 20 or 25 car lengths, or within 800 or 1,000 feet, which was as quick as he could, considering the speed and length of the train. The conductor and the two brakemen testified that the engineer made a very quick stop. The trainmaster and another engineer testified that they made an experiment to determine how far the body of the child could *14 have been recognized under the conditions existing at the time of the accident,' using a • dummy about the size of the child. The engineer was told to go ahead and look out for an obstruction on the track. He did so, and from the trestle saw an object on the track which looked like “new gravel,” and that he did not recognize it as the form of a child until within about 500 feet of it. The trainmaster, who rode on the engine, corroborated the testimony of the engineer; and both stated that it would have taken about 1,000 feet to stop the train on the occasion in question.
Several nonexpert witnesses for the plaintiffs testified that they could have seen and recognized the body of the child from the trestle, and one, of unusually keen vision, that he could have recognized the object a mile away.
We must view this case from the standpoint of Merritt, the engineer, who had not the slightest reason to anticipate that a child was sleeping on the track in front of him, and had often seen pieces of coal, wood, or chunks on the track. The body of the child, by reason of its color, size, and position, was not a conspicuous object on the track. The engineer was at the time operating his train in the usual manner, and keeping the usual lookout. His sight had been tested according to the rules of the company, and it may be presumed to have been better than the vision of the average man. That the engineer should have seen the child in time to have prevented the accident is not shown by the evidence. The negligence, if any, was on the part of the custodians of the child.
The burden of proof was on the plaintiffs to prove with legal certainty that Merritt, the engineer, was negligent. We are satisfied that they have failed to discharge that burden.
The very small amount of the award ~~of damages suggests a verdict founded on sympathy rather than on the evidence.
It is therefore ordered that the judgment .below' be reversed, and it is now ordered that plaintiffs' suit be dismissed, with costs in both courts.